UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
March 04, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____CM_____
DEPUTY

EDGAR GOMEZ-MALDONADO, §
　§
　　Petitioner, §
v. § 5:26-CV-00975-MA
　§
KRISTI NOEM, et al, §
　§
　　Respondents. §
　§

**OPINION AND ORDER**

The Court now considers Petitioner Edgar Gomez-Maldonado's ("Petitioner") "Petition for Writ of Habeas Corpus."[1] Petitioner, who is currently in immigration detention, alleges that Respondents are holding him in unlawful custody cognizable in habeas corpus under 28 U.S.C. § 2241 and seeks immediate release and reinstatement of his order of supervision.[2] Upon reviewing the petition, response, and applicable law, the Court **DENIES** Petitioner's writ.

### I.   FACTUAL BACKGROUND

Petitioner is a citizen and national of Mexico who entered the United States in 2005.[3] The U.S. Department of Homeland Security ("DHS") did not initiate removal proceedings against Petitioner until January 5, 2012.[4] On January 7, 2020, an immigration judge ordered him removed but granted withholding of removal under 8 U.S.C. § 1231(b)(3).[5] Petitioner was subsequently released on an Order of Supervision and granted a work authorization.[6] In accordance with the terms of his Order of Supervision, Petitioner has reported annually to Immigration and Customs Enforcement ("ICE").[7]

---

[1] Dkt. No. 1.
[2] Dkt. No. 1, at 25.
[3] Dkt. No. 1, at 19.
[4] Dkt. No. 1, at 20.
[5] Dkt. No. 1, at 2, 20.
[6] Dkt. No. 1, at 20.
[7] Dkt. No. 1, at 20.

On October 29, 2025, Petitioner was arrested and detained without advance notice or any articulated reason for the revocation of his release.[8]

On December 12, 2025, Petitioner filed a Motion to Reopen his removal proceedings before an immigration judge.[9] Petitioner asserts that his counsel filed this motion in error.[10] Nevertheless, his motion was granted on December 31, 2025.[11] Petitioner's counsel submitted a motion to Withdraw Motion to Reopen, which the immigration judge granted on January 15, 2026.[12] Petitioner has remained detained since that date.[13]

## II.     JURISDICTION AND LEGAL STANDARD

A writ of habeas corpus is used to challenge an arrest, commitment, detention, extradition, bail, or the jurisdiction of a criminal sentence.[14] Under 28 U.S.C. § 2241, district courts may hear habeas corpus challenges to the legality of the detention of noncitizens.[15] The petitioner bears the burden of proving, by preponderance of the evidence, that he is being held contrary to the law.[16]

Petitioner is detained in the South Texas ICE Processing Center in Pearsall, Texas, within the Western District of Texas.[17] Nevertheless, the Court finds that it lacks jurisdiction over Petitioner's writ, as Petitioner's case is premature.

During the initial 90-day removal period after a final removal order becomes administratively final, detention is mandatory.[18] Although Petitioner received his final order of removal on January 7, 2020, this order was vacated when his Motion to Reopen removal proceedings was granted on December 31, 2025.[19] Once the immigration judge granted Petitioner's Motion to Withdraw Motion to Reopen on January 15, 2026, the January 7, 2020 removal order again "became administratively final" within the meaning of 8 U.S.C. §

---

[8] Dkt. No. 1, at 20.
[9] Dkt. No. 4-1, at 3.
[10] Dkt. No. 1, at 21.
[11] Dkt. Nos. 1, at 21; 4-1, at 3.
[12] Dkt. Nos. 1, at 21; 4-1, at 3.
[13] Dkt. No. 1, at 2.
[14] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019); 28 U.S.C. § 2241.
[15] *Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("The writ . . . provide[s] a means of contesting the lawfulness of restraint and securing release.").
[16] *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).
[17] Dkt. No. 1, at 2.
[18] 8 U.S.C. § 1231(a)(2).
[19] *See Nken v. Holder*, 556 U.S. 418, 430 n.1 (2009) (quoting Tr. of Oral Arg. at 42 (Acting Solicitor General) ("[I]f the motion to reopen is granted, that vacates the final order of removal and, therefore, there is no longer a final order of removal pursuant to which the alien could be removed."); *see also Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) (stating that once a motion to reopen is granted, "there is no longer a final decision to review").

1231(a)(1)(B)(i).[20] Because § 1231(a)(1)(B) provides that the removal period "begins on the latest of" the dates listed in its subsections, including the date on which an order of removal "becomes administratively final," the restoration of finality on January 15, 2026 triggered a new 90-day removal period, during which Petitioner's detention is mandatory.[21] As fewer than ninety days have elapsed since January 15, 2026, Petitioner's mandatory 90-day removal-period detention has not yet expired.

Congress has expressly authorized the detention of noncitizens during this initial 90-day removal period to effectuate removal, and such detention is presumptively constitutional.[22] Accordingly, because DHS is statutorily required to detain Petitioner during this period, Petitioner's writ is premature.[23]

## CONCLUSION AND HOLDING

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED WITHOUT PREJUDICE** as premature. Petitioner may refile a petition for habeas relief if and when his claims become ripe for review. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.
DONE this 4th day of March, 2026, in San Antonio, Texas.

  MICAELA ALVAREZ
  SENIOR UNITED STATES DISTRICT JUDGE

---

[20] *See* 8 U.S.C. § 1231(a)(1)(B)(i).
[21] 8 U.S.C. § 1231(a)(1)(B).
[22] *Zadvydas v. Davis*, 533 U.S. 678, 683–84 (2001).
[23] *See Okpoju v. Ridge*, 115 Fed. App'x. 301, *1 (5th Cir. 2004), cert. denied, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*, 453 Fed. App'x. 535, *1 (5th Cir. 2011).